IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEMARLON J. LEWIS,            )
No. 30122-424                 )
                              )
       Petitioner,           )
                              )
vs.                           )   Case No. 13-cv-01284-DRH
                              )
JAMES CROSS, JR.,             )
                              )
       Respondent.           )

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

      Petitioner Demarlon J. Lewis is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois.  He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, attacking his conviction and sentence.  He contends that a motion under 28 U.S.C. § 2255 is inadequate to test the validity of his conviction, and he presents a claim of actual innocence.

      More specifically, Lewis argues that:  (1) he is actually innocent of the charges, in that the case was "manufactured" by the government and its law enforcement agencies; (2) there was insufficient evidence that Lewis knowingly and intentionally possessed cocaine, and mere proximity is insufficient for guilt; and (3) there was insufficient evidence of any agreement between Lewis and his alleged coconspirators.

## I. Procedural History

In 2008, Petitioner was convicted by a jury of conspiring to distribute a controlled substance (cocaine), and attempting to possess with the intent to distribute cocaine, all in violation of 21 U.S.C. § 841. Based on a finding that in excess of five kilograms of cocaine was involved, Lewis was sentenced to imprisonment for 300 months on each count, with the sentences to run concurrently. *United States v. Lewis*, No. 06-CR-5074-3 (N.D. Ill. Aug. 21, 2008).

On direct appeal, Lewis challenged the amount of drugs involved, and also argued that it was error to deny his motion for a bill of particulars regarding whether the charge was based on plotting to rob a stash house, or plotting to rob the undercover agent of the agent's share of the drugs. The Court of Appeals specifically noted that Lewis was not challenging the sufficiency of the evidence, and otherwise affirmed Lewis's conviction and sentence. *United States v. Lewis*, 350 Fed.Appx. 74 (7th Cir. 2009).

In 2010, Lewis filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. *United States v. Lewis*, No. 10-CV-50297 (N.D. Ill. May 24, 2011). He argued that his trial counsel was ineffective by (a) failing to object to evidence of uncharged crimes, and (b) failing to present evidence of actual innocence. Lewis also took issue with the jury instructions regarding the distinction between a conspiracy to rob and a conspiracy to distribute drugs. The sufficiency of the evidence and amount of drugs involved were also challenged.

The district court denied the petition. A subsequent appeal was dismissed. *Lewis v. United States*, No. 11-2644 (7th Cir. Nov. 21, 2011).

## II. Discussion

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Ordinarily, a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). Federal prisoners may utilize Section 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of Section 2255(e). 28 U.S.C. § 2255(e). The savings clause allows a petitioner to bring a claim under Section 2241, where he can show that a remedy under Section 2255 is inadequate or ineffective to test the legality of his detention. *Id.*; *see also United States v.*

*Prevatte,* 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that petitioner may be barred from bringing a second Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (Section 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

The Seventh Circuit recently reiterated the rule that a Section 2241 petition can only be used to attack a conviction or sentence when the Section 2255 remedy "is inadequate or ineffective to test the legality of [the prisoner's] detention." *Hill v. Werlinger,* 695 F.3d 644, 648 (7th Cir. 2012) (internal citations omitted). "'Inadequate or ineffective' means that 'a legal theory that *could not* have been presented under [Section] 2255 establishes the petitioner's actual innocence.'" *Id.* (emphasis added)(citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998)). Actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson,* 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner Lewis misconstrues the "safety valve" offered by Section 2255(e). Petitioner has focused entirely on his assertion that he is actually innocent of the crime, and ignored the requirement that Section 2255 be an inadequate or ineffective remedy. Petitioner seeks to present matters

that he could have raised in his direct appeal, or in a motion under Section 2255. In fact, Lewis did pursue similar issues in his failed Section 2255 motion.

Neither of Lewis's claims can provide a basis for relief in this Section 2241 habeas proceeding. Petitioner had the opportunity to raise the alleged errors in his direct appeal, and he in fact presented similar, albeit legally distinct, arguments to the appellate court without success. Likewise, these claims do not involve any structural defect in the Section 2255 procedure,[1] thus, it cannot be addressed in a habeas action under Section 2241.

### III. Disposition

To summarize, petitioner has not demonstrated that Section 2255 is an inadequate remedy for his current claims and, consistent with *In re Davenport*, petitioner cannot raise these claims through a Section 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the petition is summarily **DISMISSED with prejudice.**

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED.R.CIV.P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED.R.CIV.P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed *in forma pauperis*, he will be required

---

[1] A Section 2255 proceeding will be considered inadequate only if prior binding precedent had foreclosed petitioner from bringing the argument in a Section 2255 motion. *Hill v. Werlinger*, 695 F.3d 644, 648–49 (7th Cir.2012) (citing *Morales v. Bezy*, 499 F.3d 668 (7th Cir.2007)). That is not the case here; therefore, petitioner cannot use Section 2241 as a vehicle for bringing his claims.

to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See FED.R.CIV.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 8th day of January, 2014.

David R. Herndon
2014.01.08
05:22:36 -06'00'

**Chief Judge**
**United States District Court**